## Wood *vs.* Weiant and others.

The act of 1833, *(laws of* 1833, *ch.* 271, § 9) in relation to the proof and acknowledgement of written instruments, has not changed the provision of the Revised Statutes which requires a certificate of the County Clerk in order to entitle *a conveyance of real estate,* proved or acknowledged before a Commissioner of Deeds or County Judge not of the degree of counsellor, to be read in evidence or recorded in any other county than that in which the Commissioner or Judge resides.

Accordingly *held,* that a conveyance of real estate, acknowledged before a Commissioner in and for the county of Orange, in 1836, could not be read in evidence at the Circuit in Rockland County, without the certificate of the Clerk of Orange county.

Error to the Supreme Court, where the action was trespass for cutting and carrying away timber from certain lands in Haverstraw, Rockland County, tried at the Rockland Circuit, before Ruggles, Circuit Judge. The question was mainly one of boundary between the premises owned by the plaintiff and Weiant respectively; and on the trial it became material to the plaintiff's case to introduce in evidence a deed of the premises in question, or of adjoining lands, executed in 1836, and acknowledged before a Commissioner of Deeds for the County of Orange. The Judge rejected the evidence because there was no certificate of the Clerk of Orange County pursuant to 1 R. S. 759, § 18. The plaintiff insisted that the deed might be read under the act of 1833, (*Stat.* 1833, *p.* 396, § 9) and excepted to the opinion of the Judge. A verdict having passed for the defendant, the plaintiff, on a bill of exceptions presenting this and other questions, moved for a new trial in the first instance before the Circuit Judge, who, on denying the motion, delivered a written opinion, which so far as it relates to this point is subjoined.

Ruggles, Cir. J. " The counsel for the plaintiff contends, that the act of 1833, ch. 271, sec. 19, (2 *R. S.* 325, *sec.* 74,) has altered the law in relation to the reading of deeds in evidence, and made the Clerk's certificate unnecessary. But I

Wood *v.* Weiant.

think the law in relation to receiving deeds in evidence is not altered. This section was not intended to apply to deeds of real estate; they were already provided for, and when that section provides that the instruments embraced within its scope shall be received in evidence in the same manner as if they were deeds, it recognizes the existing law in relation to deeds as still in force, and puts other instruments on the same footing as deeds, not only with respect to the certificate of acknowledgment or proof, but with respect to the authentication of the certificate by the County Clerk."

The Supreme Court, on appeal from the Circuit Judge, also refused a new trial, and rendered judgment for the defendant.

*H. S. Dodge,* for plaintiff in error.

*A. Taber,* for defendant in error.

After deliberation, all the Judges were of opinion that the question in regard to the admissibility of the deed in evidence was properly decided at the Circuit.

JEWETT, CH. J., and GARDINER, WRIGHT, and GRAY, Js., were for reversing the judgment on another ground.

BRONSON, RUGGLES, JONES, and JOHNSON, Js., were for affirmance.

Judgment affirmed.